BRYAN, Judge,
concurring in the rationale in part and concurring in the result.
I concur with the main opinion as it relates to the applicability of the Indian Child Welfare Act (“the ICWA”), 25 U.SiC. § 1901 et seq. I also concur with the analysis in the main opinion requiring the juvenile court to conduct a hearing and receive evidence as to whether good cause *895 exists to deny the transfer of this case. I conclude that the holding in In re C.W., 239 Neb. 817, 819, 479 N.W.2d 105 (1992), is particularly applicable to the current fact situation as presented to this Court.
“Largely by their mother’s choice, the children involved in this situation have had little exposure to their Indian culture, and the value of transfer to the tribe with future exposure to the Indian ways of life must be balanced first against the detrimental consequences these children will suffer due to the separation from the psychological parents to whom the children have bonded and become attached. Secondly, we must consider the cultural adjustments that these children, who have not lived in an Indian environment, would have to make and their individual abilities to make those adjustments, as established by the testimony of qualified expert witnesses. See In Interest of J.R.H., 358 N.W.2d 311 (Iowa 1984).”
239 Neb. at 834-35, 479 N.W.2d at 117 (emphasis added). Thus, I conclude that the juvenile court must consider the principles outlined above in making its decision to transfer or retain jurisdiction of this case.
I agree with the main opinion solely insofar as it determines that the issue whether the great aunt is an “extended family member” under the ICWA is not ripe for appellate review.